Filed 1/31/24  Marriage of Kouvabina and Veltman CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of ELENA KOUVABINA and JACOB VELTMAN. | |
| ELENA KOUVABINA,<br><br>        Appellant,<br><br>v.<br><br>JACOB VELTMAN,<br><br>        Respondent. | A165033<br><br>(San Mateo County<br>Super. Ct. No. 17-FAM-01346) |

Elena Kouvabina appeals from the trial court's April 8, 2022 statement of decision concerning custody and visitation.  She primarily contends the court erred by selecting — and then by denying her multiple motions to disqualify — the child custody evaluator (evaluator).  We affirm.

**BACKGROUND**

Kouvabina and Jacob Veltman — both attorneys — married in 2010, had a child in 2012, and separated in 2017.  Kouvabina filed a petition for dissolution in 2017, and Veltman thereafter filed a request for order concerning child custody.  Ultimately, the trial court ordered a child custody evaluation (evaluation), and both parties submitted two proposed evaluators; in June 2018, the court selected Dr. Michael Kerner, who had been proposed

1

by Veltman. The parties executed a waiver pursuant to *People v. Sanchez* (2016) 63 Cal.4th 665 and stipulated the child custody evaluation report (report) could be admitted into evidence.

In opposing Veltman's request for order, Kouvabina alleged his health impacted his ability to care for their child. The trial court's order appointing the evaluator indicated the report was to provide a "comprehensive examination of the health, safety, welfare, and best interests of the child" and recommendations regarding various issues, including "timeshare limitations to the father's parental availability regarding his medical diagnosis."

The evaluation began in June 2018, but it soon was delayed due to a discovery dispute over Veltman's medical records. The evaluation resumed in May 2019, and Kerner issued his report in July 2019. Among his recommendations were that the parties share joint legal and physical custody, with a rotating timeshare. But he declined to opine about Veltman's health or to make recommendations regarding health-related limitations on his timeshare. Kouvabina objected to the report, and the trial court set the matter for trial in February 2020.

The trial was repeatedly delayed and began in September 2021. Although the trial court initially anticipated a two-day trial, in the end it lasted five days due, in large part, to Kouvabina.[1] After considering the testimony of the parties, witnesses, experts, and the evaluator; other evidence presented by the parties; closing arguments; and objections to the tentative decision, the trial court issued its statement of decision. The court's

---

[1] The trial court ordered the courtroom clerk to track the amount of time used by each party — Kouvabina used approximately thrice as much as Veltman. At trial, as here on appeal, the parties represented themselves. (Veltman began representing himself in January 2019, and Kouvabina began representing herself soon thereafter.)

orders largely mirrored Kerner's recommendations, albeit with some differences. Kouvabina appealed from the statement of decision.[2]

## DISCUSSION

Kouvabina urges us to reverse the child custody order and to remand for retrial. Her contentions principally concern the evaluator and his report. She also alleges various other errors. We address her arguments and find none persuasive.

### I.

In a contested custody proceeding, a trial court may appoint an evaluator to conduct an evaluation "where the court determines it is in the best interest of the child." (Fam. Code, § 3111, subd. (a); further undesignated statutory references are to this code; rule 5.220(b); *In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 649 (*Winternitz*).)[3] Although evaluations are often given great weight (*In re Marriage of Adams & Jack A.* (2012) 209 Cal.App.4th 1543, 1563), they are not conclusive. It is for the court to weigh the evidence — including the report — and determine what orders are in the child's best interests. (*In re Marriage of C.D. & G.D.* (2023) 95 Cal.App.5th 378, 386 [court not " 'mere rubber-stamp' "].) We

---

[2] Statements of decision are generally not appealable; we exercise our discretion to construe the appeal as having been filed after entry of the April 25, 2022 judgment. (See Cal. Rules of Court, rule 8.104(d)(2); further undesignated rule references are to these rules.)

[3] At oral argument, Kouvabina asserted the Legislature abrogated *Winternitz* in Senate Bill No. 594 (2015–2016 Reg. Sess.), which amended section 3111. But she acknowledged she did not raise that argument in her briefing; nor can we find it in her objections to the trial court's proposed statement of decision. In any event, we think it is more accurate to say the Legislature responded to reasoning on which we do not rely. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 594 (2015–2016 Reg. Sess.) as amended June 11, 2015, pp. 1, 3–4 [discussing *Winternitz*].)

review custody orders for abuse of discretion and factual findings for substantial evidence, and we are "required to uphold the ruling if it is correct on any basis." (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32 (*Burgess*).) We review evidentiary rulings for abuse of discretion. (*Winternitz*, at p. 653.)

At the outset, Kouvabina contends the trial court abused its discretion by selecting Kerner as evaluator instead of one of her proposed candidates. But she concedes Kerner previously conducted over 450 evaluations, and there were differences in availability and location between Kerner and her candidates. The record also indicates the court was aware of Kerner's qualifications, and it selected him after considering all proposed candidates. No abuse of discretion appears. (*Burgess, supra*, 13 Cal.4th at p. 32.)

Nor did the trial court err by admitting Kerner's report. Kouvabina argues the report's age at the time of trial rendered it "obsolete" and "unreliable." The court acknowledged the report was two years old by the time of trial but nonetheless concluded, after hearing testimony, there'd been no major change in circumstances as to the family dynamic. For example, the parties resided in the same cities, and the child attended the same school. And multiple witnesses — including Kouvabina and Kerner — testified extensively about the report's conclusions at trial. On this record, the court did not abuse its discretion by admitting the report, and it could consider the report's age in determining what weight to accord the evidence. (*Winternitz, supra*, 235 Cal.App.4th at p. 653.)

Finally, Kouvabina contends the trial court erred by denying her multiple motions to disqualify Kerner and exclude his report. Her first motion alleged Kerner failed to disclose conflicts of interest, and her second motion argued he failed to comply with the order appointing him as evaluator, violated rules governing evaluations, and was biased. After a

4

hearing, the court declined to disqualify Kerner for bias or conflicts of interest, but it deferred resolution of the remaining claims until trial. After considering the evidence presented at trial, the court again declined to disqualify Kerner. Although "what standard of review applies to a court's ruling on a motion for removal of the evaluator" is unresolved, courts have generally applied an abuse of discretion standard. (*In re Marriage of Adams & Jack A.*, *supra*, 209 Cal.App.4th at p. 1564; *Winternitz, supra*, 235 Cal.App.4th at p. 652.)

Rules 5.220(j)(10) and 5.225(*l*)(6) require evaluators to disclose conflicts of interest. Kouvabina contends Kerner violated the rules by failing to disclose his "ongoing professional and financial relationship" with the law firm that represented Veltman when Kerner was appointed. She argued his work in other cases in which the law firm was involved made him biased and resulted in a report "heavily and obviously skewed in" Veltman's favor. The law firm argued Kouvabina's counsel made no disclosure when proposing evaluators, there was no legal basis to require such disclosure, and this was merely a belated attempt to disqualify an evaluator because of dissatisfaction with the report. The court nevertheless ordered the firm to disclose cases in which Kerner served as an evaluator, and Kouvabina deposed Kerner on the issue. After a hearing, the court declined to disqualify Kerner or exclude his report for conflict of interest or bias.

Assuming the rules obligated Kerner to disclose matters where he served as evaluator and where the law firm was involved, Kouvabina fails to persuade that the failure to do so was disqualifying per se. *Jolie v. Superior Court* (2021) 66 Cal.App.5th 1025 is distinguishable. The issue there was the disqualification of a temporary judge, exercising full judicial powers, for failing to make mandatory disclosures required by the Code of Judicial

5

Ethics. (*Jolie*, at pp. 1032, 1043–1044.) After considering the breach and the surrounding facts, the court determined disqualification was required. (*Id.* at p. 1053.) But here, Kerner decides nothing; his report is for the court to consider, alongside other evidence, in making its decision. (*In re Marriage of C.D. & G.D.*, *supra*, 95 Cal.App.5th at p. 386.) Moreover, the court heard and considered the evidence and arguments about Kerner's alleged bias. (To the extent Kouvabina argues the court made erroneous evidentiary rulings, we find no abuse of discretion. (*Winternitz*, *supra*, 235 Cal.App.4th at p. 653.)) After doing so, the court concluded the cases were not conflicts requiring disclosure and, even if they were, any conflict was "negligible," did not constitute bias, and could be considered in assessing the weight of the evidence. (§ 3111, subd. (a) [report may be considered despite "nonsubstantive or inconsequential errors"].) Kouvabina's allegations that the report treated the parties' concerns and allegations differently was a matter the court was best suited to consider. The court did not err by failing to disqualify Kerner or excluding his report on this basis.

Kouvabina next argues the trial court should have disqualified Kerner due to his failure to opine about Veltman's health. The order appointing the evaluator indicated the report should include recommendations regarding "the timeshare limitations to the father's parental availability regarding his medical diagnosis." The report recounted Kouvabina's concerns, quoted her medical expert's opinion, and described Veltman's medical records and history at length. But it declined to offer conclusions about Veltman's health, saying they should "only come through a medically sophisticated opinion." Nonetheless, before making custody orders, the court heard testimony from medical experts and the parties, considered medical history and records, and reviewed the report's discussion of Veltman's health. Moreover, the court

6

correctly concluded that the report's failure to offer an opinion on Veltman's health went to what weight the report should be given, not to whether it was admissible. (*Winternitz, supra*, 235 Cal.App.4th at p. 653.) Kouvabina cites no rule or statute Kerner violated; while she cites *Mark T. v. Jamie Z.* (2011) 194 Cal.App.4th 1115, that case is distinguishable. There, both the evaluator *and* the trial court failed to address "the ultimate question." (*Id.* at p. 1128.) Here the court was presented with considerable evidence about Veltman's health and considered it in making custody orders.

Similarly, Kouvabina contends Kerner should have been disqualified for failing to provide a "reasoned opinion" about where the child should go to school. Not so. The order that appointed Kerner indicated the report should contain recommendations regarding "school enrollment for the next school year." The report *did* address the "school issue" and make recommendations, and the trial court issued orders about where the child would go to school. No error appears.

Kouvabina further argues the trial court should have disqualified Kerner because his "manner of questioning [the child] . . . was outside of any bounds of professional conduct." And she contends he also should have been disqualified because his retainer agreement contained a provision making a party who complains about him to a professional association responsible for his incurred fees and costs.[4] She cites no authority for disqualifying an evaluator or excluding a report on either basis; the Commission on Judicial Performance and arbitration decisions she cites are inapposite. Thus, the court correctly concluded her objections go to the evidence's weight.

---

[4] This provision gives one pause and — as Veltman notes — it may be unenforceable. But we have no occasion to address that issue.

7

Finally, Kouvabina faults the trial court for not giving her more time to present evidence on other bases for disqualification. We are unpersuaded. After a judicially supervised conference, the court set the trial for two days. Ultimately, however, the trial lasted five days, which the court attributed to Kouvabina. She repeatedly argued from the witness stand and argued evidentiary rulings; she was admonished numerous times and warned she'd be held in direct contempt; and she was advised of time limits but chose to present the case as she did, using "a substantial portion of her time to attempt to re-argue previously litigated matters, or to ask duplicative or irrelevant questions." In the end, she was allowed to use three times the amount of time as Veltman — almost 12.5 hours of trial time to four hours. On this record, we cannot conclude the court abused its discretion. (*California Crane School, Inc. v. National Com. for Certification of Crane Operators* (2014) 226 Cal.App.4th 12, 19–20, 23; Evid. Code, §§ 765 [control over mode of interrogation], 352 [exclusion of evidence requiring undue consumption of time].) Moreover, the remaining issues are not bases for disqualification or exclusion of the report; to the extent Kouvabina identified any noncompliance with rules or statutes, the court concluded they were "nonsubstantive or inconsequential."[5] (§ 3111, subd. (a).)

## II.

Kouvabina contends the trial court failed to "independently assess" the issue of Veltman's health. To the contrary, the record demonstrates the court

---

[5] Kouvabina contends the trial court improperly discounted her rebuttal expert's opinion when deciding whether to disqualify Kerner. Not so. The court heard and considered her expert's opinion about alleged inadequacies in the evaluation. But the court found the expert's testimony "unpersuasive," and we do not second-guess its determination. (*Gamboa v. Northeast Community Clinic* (2021) 72 Cal.App.5th 158, 166.)

took her concerns seriously and carefully considered the ample evidence presented at trial. In particular, the court weighed and considered the medical records she provided and heard testimony from various witnesses, including both parties' medical experts. The court simply found Veltman's evidence and expert more credible. We do not reweigh evidence or second-guess the court's assessment of credibility. (*Gamboa v. Northeast Community Clinic, supra*, 72 Cal.App.5th at p. 166.) Kouvabina identifies no abuse of discretion in the court's custody orders, evidentiary rulings, or control of trial proceedings. (*Burgess, supra*, 13 Cal.4th at p. 32; *Winternitz, supra*, 235 Cal.App.4th at p. 653; *California Crane School, Inc. v. National Com. for Certification of Crane Operators, supra*, 226 Cal.App.4th at pp. 19–20, 23.)

Kouvabina next argues the trial court abused its discretion when it barred "travel to Russia until further Court order." She asserts the court issued the ban without any notice in violation of her due process rights. Not so. Kerner's report contained recommended orders concerning travel with the child, and the tentative decision contained proposed travel orders. In Veltman's objections to the tentative decision, he asked the court to order the parties to obtain consent or a court order "before travelling to Russia, the Ukraine, and to any country . . . where a state department travel advisory is in effect." Kouvabina later filed a motion seeking court authorization to travel with the child to Moscow, Russia to visit maternal grandmother. In opposition, Veltman noted "Russia is currently engaged in a major war with Ukraine . . . . The state department has issued a 'Level 4 – Do Not Travel' warning with respect to travel to Russia." He also expressed concerns about the child's safety while in Russia and her ability to return to the United States. Kouvabina subsequently withdrew her request given the Russia-Ukraine war, which had recently started. The court issued its statement of

9

decision one month later.  Given the foregoing, we can neither conclude the court abused its discretion in making its travel orders nor that Kouvabina lacked sufficient notice or opportunity to address the issue.  (*Burgess*, *supra*, 13 Cal.4th at p. 32.)

At trial, Kouvabina asked the trial court to find Veltman committed domestic violence against her, which would have impacted custody.  (§ 3044 [presumption against sole or joint custody where party committed domestic violence within previous five years].)  After hearing the evidence presented throughout the trial, the court determined there was insufficient evidence to support such a finding.  Kouvabina contends the court erred.  We disagree.  She principally faults the court for not allowing her to present additional evidence.  As previously discussed, the court did not abuse its discretion by limiting time or presentation of evidence.  (*California Crane School, Inc. v. National Com. for Certification of Crane Operators*, *supra*, 226 Cal.App.4th at pp. 19–20, 23.)  She also argues the court erred in excluding a police report as hearsay.  Even assuming error, it was harmless.  The court admitted other evidence of the event precipitating the police report.  The court found Kouvabina's evidence "unpersuasive and insufficient" and noted her allegations lacked corroboration.  We do not second-guess its credibility determination.  (*Gamboa v. Northeast Community Clinic*, *supra*, 72 Cal.App.5th at p. 166.)

Finally, Kouvabina argues the trial court's orders concerning (1) each party's timeshare with the child, (2) where the child would go to school, and (3) the parties sharing joint legal custody constituted an abuse of discretion.  We find no such abuse in the orders.  (*Burgess*, *supra*, 13 Cal.4th at p. 32.)

## DISPOSITION

The judgment is affirmed.  Veltman is entitled to his costs on appeal.

10

_____
RODRÍGUEZ, J.


WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.


A165033


11